### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JESUS M. COSME-TORRES**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>Respondent. | **CIVIL NO. 21-1423 (DRD)**<br>**(Related Cr. No. 12-0132 (12) (DRD))** |

### OPINION AND ORDER

Pending before the Court is Petitioner Jesus Cosme Torres's ("Petitioner") *Motion to Vacate, Set Aside, or Correct Sentence* under 28 U.S.C. § 2255 (Docket No. 1). Respondent, the United States of America (hereinafter, the "Government") filed a Motion to Dismiss. (Docket No. 7). In a nutshell, Petitioner filed an untimely motion on August 31, 2021 pursuant to 28 U.S.C. § 2255, claiming that BOP miscalculated his sentence.[1] (Docket No. 1 at 1).

### I. Factual Background

In 2014, Petitioner pleaded guilty to conspiring to possess with intent to distribute 3.5, but less than 5 kilograms of cocaine within a protected location (Count One). *See,* Cr. Case 12-0132, Docket No. 2047. The guidelines calculations resulted in a total offense level of 31, which assuming a CHC of III, yielded a sentencing range of 135 to 168 months imprisonment *Id.*at 4. As part of this agreement, Petitioner agreed to waive his right to appeal if the Court accepted the agreement and sentenced the Petitioner according to its terms, conditions and recommendations. *Id.* at 8. On May 29, 2014, the Court sentenced Petitioner to 75 months' imprisonment. *See,* Cr. Case 12-0132, Docket No.2139.

Amended Judgment was entered on June 20, 2014. *See,* Cr. Case 12-0132, Docket No. 2149. Petitioner did not appeal. He then filed the present motion on August 31, 2021. *See*, Docket No.

---

[1] The relevant cases include Civil Case No. 21-1423 and Criminal Case No. 12-0132.

1. On June 30, 2022, the Government filed its Response in Opposition (Docket No. 7) averring that the Court lacks subject matter jurisdiction to grant the relief requested as Petitioner's motion was improperly classified as a "§ 2255" motion, instead of a § 2241 motion. The Government also argues that Petitioner's motion was filed well after the limitation period elapsed as to a § 2255 remedy.

## II. Analysis

**A. § 2255 Statute of Limitations**

The federal habeas statute upon which the Petitioner seeks relief provides a one-year statute of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In 2010, the U.S. Supreme Court held in *Holland v. Florida* that the statute of limitations period under a similar AEDPA provision, 28 U.S.C. § 2244(d), applicable to federal habeas petitions filed by prisoners in state custody, is subject to equitable tolling under certain circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Following the Holland decision as well as ten other circuit courts of appeals, the First Circuit held that the "one-year limitations period [in §2255 cases] is subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011).

To gain the benefit of the equitable tolling doctrine, the petitioner must show "'(1) that he/she has been pursuing his/her rights diligently, and (2) that some extraordinary circumstance

stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (listing additional factors that may influence whether or not to grant equitable tolling). Binding First Circuit precedent holds that "that equitable tolling is available only in cases in which circumstances beyond the litigant's control have prevented [her] from promptly filing." *Ramos-Martínez*, 638 F.3d at 322 (1st Cir. 2011 )(internal citations and quotations omitted); *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004)("To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly.'")(quoting *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990)).

In the instant case, Petitioner's Amended Judgment was entered on June 20, 2014, his sentence became final 14- days thereafter (July 5, 2014). Petitioner's motion was filed on August 31, 2021, (Docket No. 1), seven years after the expiration of the statute of limitations. Absent an applicable exception, petitions filed outside the one-year period are untimely. *See Dixon v. United States*, 729 F. App'x 16, 19 (1st Cir. 2018) (holding that petition, mailed from prison even one day after expiration of grace period of limitations could not be deemed timely filed); *Lattimore v. Dubois*, 311 F.3d 46 (1st Cir. 2002) (same); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (Section 2255 motion was denied even when filed only one day late because of confusion over the applicable deadline).

Petitioner has the burden of showing that he is entitled to federal habeas relief. *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Since Petitioner's motion is untimely, and in light of his failure to show entitlement to an untimely filing pursuant to the applicable exceptions or equitable tolling, the § 2255 petition must be summarily dismissed. 'Equitable tolling' is an umbrella term for the notion that a statute of limitations--unless its time limit is 'jurisdictional'— may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *David v. Hall*, 318 F.3d 343, 345-46 (1st Cir. 2003). While the Court of Appeals has held that AEDPA is subject to equitable tolling, *Ramos-Martinez v. United States*, 638 F.3d 315, 322

(1st Cir. 2011), it "is available only in cases in which 'circumstances beyond the litigant's control have prevented [her] from promptly filing,'" id. at 322 (quoting *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005)), and "normally requires a finding of extraordinary circumstances." *Id.* at 323. The Petitioner bears the burden of establishing that he is entitled to equitable tolling. *Id.* at 323. Petitioner has failed to meet his burden. Petitioner has simply not shown that he was "reasonably diligent" in exercising his rights and is not entitled to equitable tolling.

### B. Court lacks subject matter jurisdiction

This Court additionally finds that although Petitioner purports to bring his motion pursuant to 28 U.S.C. § 2255, this avenue of relief is unavailable to him. "Only a limited class of claims may be brought under § 2255: claims involving 'the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack.' " *Rogers v. United States*, 180 F.3d 349, 357 n.15 (1st Cir. 1999) (quoting 28 U.S.C. § 2255). In fact, "**[w]hen an action addresses the execution of a sentence by prison or administrative officials, rather than the validity of the sentence, § 2255 relief is unavailable**." *Id.* (emphasis added). Instead, such a challenge is required to be brought under 28 U.S.C. § 2241. *See Muniz v. Sabol*, 517 F.3d 29, 33–34 (1st Cir. 2008).

Section 2241 affords district courts the power to issue a writ of habeas corpus if a prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241. A "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thornton v. Sabol,* 620 F.Supp.2d 203, 206 (D.Mass.2009) (quoting *Jiminian v. Nash,* 245 F.3d 144, 146 (2nd Cir.2001)) (emphasis in original).

In the case at bar, Petitioner challenges the execution of his federal conviction and sentence, not its validity, alleging that the BOP "has miscalculated Cosme's term of imprisonment leading to his continued detention past his 'expiration full term date'." (Docket No. 1). This distinction is relevant, as the use of a motion under § 2241 requires compliance with certain requirements that are simply not met in the instant case. For example, "[u]nder § 2241 motions must be brought before a district court which has jurisdiction over the prisoner or his custodian." *United States v. Glantz,* 884 F.2d 1483, 1489 (1st Cir.1989). The court in *Glantz* held that regardless of the situs of the original trial, or the incarcerated party's original state of citizenship, it is the courts of the state of defendant/petitioner's incarceration that may exercise jurisdiction over a 28 U.S.C § 2241 action. *See also Thompson v. United States,* 536 F.2d 459, 460 (1st Cir.1976). Because Petitioner is incarcerated at FCI Allenwood Medium in the state of Pennsylvania, this Court finds that his § 2241 petition should be filed in the District of Pennsylvania.

Accordingly, this Court lacks subject matter jurisdiction over the instant case and dismisses Petitioner's motion to vacate.

### III. CONCLUSION

Accordingly, the Court holds that Petitioner's habeas corpus petition is untimely by seven (7) years. Thus, Petitioner's 28 U.S.C. § 2255 motion to vacate is hereby **DENIED**. Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 29th day of July, 2022.

*/s/ Daniel R. Dominguez*
Daniel R. Dominguez
United states District Judge